# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST    )
FROM RUSSIA    )
IN THE MATTER OF    )    Misc. No. 07–
MAGELLAN INVEST, L.L.C.    )

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged smuggling.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Russia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 3/15/07

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST | ) |
| FROM RUSSIA | ) |
| IN THE MATTER OF | )    Misc. No. 07– |
| MAGELLAN INVEST, L.L.C. | ) |

**APPLICATION FOR ORDER (28 U.S.C. 1782)**

The United States of America, by the undersigned, David

L. Hall, Assistant United States Attorney for the District of

Delaware, petitions this Court for an Order pursuant to Title 28,

United States Code, Section 1782, in the form submitted, to

facilitate the taking of testimony of witnesses residing within

the jurisdiction of this Court, and other actions as requested by

a letter of request issued by the Russian authorities.

                    COLM F. CONNOLLY
                    United States Attorney

By:
                    David L. Hall
                    Assistant U.S. Attorney
                    1007 N. Orange Street
                    Wilmington, DE   19801
                    (302) 573-6277

Dated: 3/15/07

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM RUSSIA )
IN THE MATTER OF ) Misc No. 07-
MAGELLAN INVEST, L.L.C. )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or

provided by the Russian authorities;

  4. seek such further orders of this Court as may be necessary to execute this request; and

  5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

  IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

  Dated:  This _____ day of _____, 2007.


                  _____
                  United States District Court Judge

07 - 55

**Procurator General's Office
of the Russian Federation**

15A Bolshaya Dmitrovka
Moscow, GSP-3, 125993, Russia

2006.08.04 Our ref. 35\2-2122-06

**Ms. Mary Ellen Warlow**

Director
Office of International Affairs

U.S. Department of Justice

1301 New York Ave. NW
Washington DC, 20005

Dear Ms. Director:

The Procurator General's Office of the Russian Federation present their compliments to the U.S. Department of Justice and, pursuant to the bilateral Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999, kindly request legal assistance in criminal matter No. 371949 initiated under Article 188(1) (contraband) and Article 194(2)(d) (evasion of customs fees payment by an organization or natural person) of the Criminal Code of the Russian Federation.

The investigatory actions sought should be conducted in the United States of America with a view to ensuring a comprehensive pretrial investigation.

Please note that the Russian law of criminal procedure provides for limited terms of pretrial investigations into criminal cases. The breach of the procedural terms could affect the results of investigation into a criminal case, as well as prevent from bringing guilty persons to justice.

In view of the foregoing, kindly have the request at issue executed within the shortest possible period and advise of the results the Procurator General's Office of the Russian Federation.

We undertake to use any information and documentation for the purposes of investigation only, without prejudice to the sovereignty, security, or public order of the United States of America.

The Procurator General's Office of the Russian Federation thank you in advance for your cooperation and reaffirm our readiness to provide identical or any other legal assistance in criminal matters to the U.S. law enforcement agencies.

Enclosure in 25 pages

Sincerely,

Chief
Legal Assistance Department
Main Department
for International Legal Cooperation  /signed/ ............... Kupriyanov

Case officer: Ms. T.N. Shineleva
Tel.: +7 495 692 88 98

Please make up the interrogations in written form, with signatures of the witnesses and of the official person, who conducted the interrogation. In case of refusal of a witness from signing please indicate in writing the cause thereof.

Please address the results of fulfillment of this inquiry to the Investigation Committee by the Ministry of the Interior of the Russian Federation (103009 Gazetnyi pereulok, 6, Moscow). In case of a delay with fulfillment of this inquiry, as well as of full or partial refusal from rendering legal assistance please inform the Russian party thereof immediately.

Information, contained in this inquiry, is confidential and is destined exclusively for official use, since it constitutes a secret of investigation. On our part we guarantee that the data, obtained by us as a result of fulfillment of this inquiry, are not subject to transference to the third persons and will be used only in the interests of investigation of the criminal case.

Please accept our assurance in our high respect and readiness to render mutual assistance in the frames of the above mentioned Agreement.

Contact telephone: (812) 764-08-68.

Enclosure:
- extract from the Criminal Code of the Russian Federation on two pages;
- extract from the Criminal-Process Code of the Russian Federation on six pages;
- decision on the takeout on two pages.


Senior investigator in especially important cases
of the 7th Department of the Investigation Part
of the Main Investigation Administration
by the Main Board of Internal Affairs
of St. Petersburg and the Leningrad province
captain of justice                                              O. V. Nikulina



**To the authoritative bodies
of the United States of America**

INQUIRY
on legal assistance

St. Petersburg, Russia                                                                 June 23, 2006

Investigating Department of the Main Investigating Administration by the Main Board of the Internal Affairs of St. Petersburg and the Leningrad province investigates the criminal case No. 371949, related to smuggle, i. e. transference of a boring installation, connected with falsified declaring, over the custom border of the Russian Federation.

This criminal case was initiated on March 30, 2006, according to the signs of a criminal offence, determined by the 1st part of the article 188, point "g" of the 2nd part of the article 194 of the Criminal Code of the Russian Federation (extract from the Criminal Code of the Russian Federation is enclosed).

The preliminary investigation has ascertained that on December 25, 2002 the goods – "boring installation LF 70 Care Drill No. 180965, manufactured in 2002, with a set of accessories", amounted up to 208.105 USD – was brought into the custom territory of the Russian Federation through the border Baltic custom office by "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA), as a property contribution to the ground capital of the company "OOO Burovye Tekhnologii" ("Boring Technologies") (Russia, St. Petersburg, 2nd Birch Alley, 13/15, individual number of the tax payer ████████. According to the international waybill CMR No. 2764024, "Boart Longyear Inc." (1111, Main Street West North Bay Ontario PIB 8H6) acted as the sender of the goods. But according to the invoice No. 20021115, dd. 11.19.2002, and the contract No. 110/0302, not dated, acting as the sender of the goods was"Boart Longyear GmbH & Co. KG OD Division" (Meininger Weg 14 36132, Eiterfeld, Germany Tel. ████████. The contact person is S. Lorenz, tel. +████████.

An examination has shown that the "OOO Boring Technologies" is unavailable at its legal address, actual location of the company and of the equipment, i. e. the boring installation, is unknown.

So, the preliminary investigation has established that on December 25, 2002 was organized a large-scale transference of the goods in amount of 6.620.632 rubles over the custom border of the Russian Federation for actually non-existent St. Petersburg company "OOO Burovye Tekhnologii", committed with fraudulent use of documents, which entailed evading payment of the custom duties, which are to be collected from an organization or a physical person, in especially large amount of 1.721.364,32 rubles.

Deeds of the unidentified persons contain the signs of the criminal offences, specified by the 1st part of the article 188 of the Criminal Code of the Russian Federation – the act of smuggle, i. e. transference of the goods in large scale over the custom border of the Russian Federation, committed with fraudulent use of documents, connected with falsified declaring, and by the point "g" of the 2nd part of the article 194 of the Criminal Code of the Russian Federation – evading payment of the custom duties, which are to be collected from an organization, committed in especially large amount.

With the purpose of comprehensive and objective investigation of the circumstances of the criminal case No. 371949 there appeared a necessity of conducting investigation activities in the

territory of the United States of America. Proceeding from the Agreement between the Russian Federation and the United States of America on mutual assistance in criminal cases dd. 06.17.1999. herewith we ask you:

 1. To ascertain, whether "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA) is registered in the territory of the United States of America, what kind of activity this company conducts.

 2. To interrogate as a witness the chief of "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA) on the following items (before the interrogation please acquaint the witness with his rights and duties in accordance with the article 56 of the Criminal-Process Code of the Russian Federation and to warn him of responsibility according to the article 307 of the Criminal Code of the Russian Federation for giving evidence deliberately falsified, to the article 308 of the Criminal Code of the Russian Federation for refusal from giving evidence and to the article 310 of the Criminal Code of the Russian Federation for spreading the data of a preliminary investigation, if this does not contradict to the legislation of the United States of America):

a) how long he has been acting as the chief of the above mentioned company;

b) whether anybody else has been in charge of the activities of the company, in positive case it is to be indicated, who is this namely, since what time and in what sphere this person has been supervising the activities of the company;

c) whether "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA) acted as the founder of "OOO Burovye Tekhnologii" (Russia, St. Petersburg, 2nd Birch Alley, 13/15);

d) for what kind of activities "OOO Burovye Tekhnologii" was founded;

e) who represented the interests of "OOO Burovye Tekhnologii" in the Russian Federation (full information of the person to be cited);

f) what property or financial investments constituted the ground capital of "OOO Burovye Tekhnologii";

g) who had the property rights over the ground capital of "OOO Burovye Tekhnologii", namely over the boring installation LF-70, manufactured in 2002;

h) whether "OOO Burovye Tekhnologii" was authorized to be in charge of the ground capital, i. e. of the boring installation LF-70;

i) whether "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA) concluded agreements (contracts) with the companies "Boart Longyear Inc." (1111, Main Street West North Bay Ontario PIB 8H6) and "Boart Longyear GmbH & Co. KG OD Division" (Meininger Weg 14 36132, Eiterfeld, Germany Tel. ▓▓▓▓▓▓▓▓▓) for delivery of the goods (the boring installation LF-70 with the set of accessories) for "OOO Burovye Tekhnologii";

j) in what way, with whom, at what time and where understanding on carrying out the delivery of the goods, i. e. of the boring installation LF-70 with the set of accessories, was achieved, how this agreement was made legal;

k) where the ground capital of the "OOO Burovye Tekhnologii", invested by "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA), is at the present moment.

 3. To take out in "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA) all the documents, concerning the activities of "OOO Burtovye Tekhnologii".

_____

(I agree, disagree)
First deputy of the public prosecutor of St. Petersburg
State Counselor of Justice of the 3rd grade
_____ S. I. Litvinenko
_____ 2006

## DECISION
on effecting a takeout

St. Petersburg                                                    June 23, 2006

Senior investigator in especially important cases of the 7th Department of the Investigation Part of the Main Investigation Administration by the Main Board of Internal Affairs of St. Petersburg and the Leningrad province captain of justice O. V. Nikulina, having examined the materials of the criminal case No. 371949,

### HAVE ESTABLISHED:

This criminal case was initiated on March 30, 2006, according to the signs of a criminal offence, determined by the 1st part of the article 188, point "g" of the 2nd part of the article 194 of the Criminal Code of the Russian Federation (extract from the Criminal Code of the Russian Federation is enclosed).

The preliminary investigation has ascertained that on December 25, 2002 the goods – "boring installation LF 70 Care Drill No. 180965, manufactured in 2002, with a set of accessories", amounted up to 208.105 USD – was brought into the custom territory of the Russian Federation through the border Baltic custom office by "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA), as a property contribution to the ground capital of the company "OOO Burovye Tekhnologii" ("Boring Technologies") (Russia, St. Petersburg, 2nd Birch Alley, 13/15, individual number of the tax payer ▓▓▓▓▓▓ According to the international waybill CMR No. 2764024, "Boart Longyear Inc." (1111, Main Street West North Bay Ontario PIB 8H6) acted as the sender of the goods. But according to the invoice No. 20021115, dd. 11.19.2002, and the contract No. 110/0302, not dated, acting as the sender of the goods was "Boart Longyear GmbH & Co. KG OD Division" (Meininger Weg 14 36132, Eiterfeld, Germany Tel. ▓▓▓▓▓▓▓▓). The contact person is S. Lorenz, tel. ▓▓▓▓▓▓▓▓

An examination has shown that the "OOO Boring Technologies" is unavailable at its legal address, actual location of the company and of the equipment, i. e. the boring installation, is unknown.

So, the preliminary investigation has established that on December 25, 2002 was organized a large-scale transference of the goods in amount of 6.620.632 rubles over the custom border of the Russian Federation for actually non-existent St. Petersburg company "OOO Burovye Tekhnologii", committed with fraudulent use of documents, which entailed evading payment of the custom duties, which are to be collected from an organization or a physical person, in especially large amount of 1.721.364,32 rubles.

With the purpose of comprehensive and objective investigation of the criminal case it is necessary to take out in "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA) all documents, concerning activities of "OOO Burovye Tekhnologii".

Proceeding from the aforesaid and on the strength of the 1st and the 3rd parts of the article 183 of the Criminal-Process Code of the Russian Federation, captain of justice O. V. Nikulina

## HAVE MADE THE DECISION:

1. To take out in "Magellan Invest LLC" (113 Barksdale Professional Center, Newark County of the New Castle, DE, 19711, USA) all the documents, concerning the activities of "OOO Burtovye Tekhnologii".

2. To address a copy of this decision to the public prosecutor of St. Petersburg.

Senior investigator in especially important cases
of the 7th Department of the Investigation Part
of the Main Investigation Administration
by the Main Board of Internal Affairs
of St. Petersburg and the Leningrad province
captain of justice                                                    O. V. Nikulina

The decision has been presented to me on _____ 2006 at
_____.

Investigator                                                         _____

Extract from the Criminal Code of the Russian Federation.

**Article 188. Smuggle**

1. Smuggle, i. e. transference of goods or other objects in large amount over the custom border of the Russian Federation, with exception of those cited in the second part of this article, committed without custom control or with concealment from the latter or with fraudulent use of documents or means of custom identification or connected with non-declaration or falsified declaration –

is to be fined in amount between one hundred thousand and three hundred thousand rubles or in amount of the wages or other income of the convict for the period between one year and two years or to be punished with imprisonment up to five years term;

2. Transference over the custom border of the Russian Federation of drugs, psychotropic, powerful, poisonous, radioactive or explosive substances, weaponry, demolition charges, firearms or ammunition, nuclear, chemical, biological and other kinds of weapons of mass destruction, materials and equipment which can be used for creation of weapon of mass destruction and transference whereof over the custom border of the Russian Federation is subject to special rules, of strategically important raw materials and cultural values, transference whereof over the custom border of the Russian Federation is subject to special rules, if this offence is committed without custom control or with concealment from the latter or with fraudulent use of documents or means of custom identification or connected with non-declaration or falsified declaration –

is to be punished with imprisonment to a term between three and seven years, along with fine in amount up to one million rubles or in amount of the wages or other income of the convict for the period up to five years or without such fine;

3. Offences, specified in the first and second parts of this article, committed:
- by an official person with abuse of his/her official position;
- with use of violence against the person who is in charge of custom control, -

are to be punished with imprisonment to a term between five and ten years, along with fine in amount up to one million rubles or in amount of the wages or other income of the convict for the period up to five years or without such fine;

4. Offences, specified in the first, second and third parts of this article, committed by an organized group,

are to be punished with imprisonment to a term between seven and twelve years, along with fine in amount up to one million rubles or in amount of the wages or other income of the convict for the period up to five years or without such fine.

**Article 194. Evading payment of the custom duties to be collected from an organization or a physical person**

1. Evading payment of the custom duties to be collected from an organization or a physical person, committed in a large amount, -

is to be fined in amount between one hundred thousand and three hundred thousand rubles or in amount of the wages or other income of the convict for the period between one year and two years or to be punished with imprisonment up to two years term;

2. The same offence, committed:
- by a group of persons after a preliminary understanding;
- in especially large amount, -

is to be fined in amount between one hundred thousand and five hundred thousand rubles or in amount of the wages or other income of the convict for the period between one year and three years or to be punished with imprisonment up to five years term with deprivation of the right to hold certain posts or to pursue certain activities to the term up to three years or without the latter.

Note. Evading payment of custom duties is considered to be committed in especially large amount, if the sum of unpaid duties exceeds five hundred thousand rubles, and in especially large amount – if it exceeds fifteen hundred thousand rubles.

### Article 307. Deliberately falsified evidence, report of an expert, a specialist or incorrect translation

1. Deliberately falsified evidence of a witness, a victim or an expert's report or evidence or a specialist's evidence, as well as deliberately incorrect translation in the court or by conducting a preliminary investigation –

(in the version of the Federal Law dd. 12.08.2003 No. 162-F3)

are to be fined in amount up to eighty thousand rubles or in amount of the wages or other income of the convict for the period up to six months or to be punished with obligatory labor to the term between 180 and 240 hours or with corrective labor up to two years term or with detention up to three months term.

(in the version of the Federal Law dd. 12.08.2003 No. 162-F3)

2. The same offences, combined with accusation of a person of committing a grave or especially grave crime, -

are to be punished with imprisonment up to five years term.

Note. A witness, a victim, an expert, a specialist or an interpreter are to be liberated from calling to criminal account if during a preliminary investigation or a hearing before pronouncing a judgement or a decision of the court they declare about incorrectness of their evidence, report or translation.

(in the version of the Federal Law dd. 12.08.2003 No. 162-F3)

### Article 308. Refusal of a witness or a victim from giving evidence

Refusal of a witness or a victim from giving evidence -

is to be fined in amount up to forty thousand rubles or in amount of the wages or other income of the convict for the period up to three months or to be punished with obligatory labor to the term between 120 and 180 hours or with corrective labor up to one year term or with detention up to three months term.

(in edition of the Federal Law dd. 12.08.2003 No. 162-F3)

Note. A person is not subject to criminal account for refusal from giving evidence against himself, his/her wife/husband or his/her close relatives.

### Article 310. Spreading the data of a preliminary investigation

Spreading the data of a preliminary investigation by a person who has been warned in the order, established by the law, of impermissibility of spreading thereof, if it is committed without consent of the public prosecutor, the investigator or the person, who conducts the preliminary investigation, -

is to be fined in amount up to eighty thousand rubles or in amount of the wages or other income of the convict for the period up to six months or to be punished with corrective labor up to two year term or with detention up to three months term or with detention up to three months term.

(in the version of the Federal Law dd. 12.08.2003 No. 162-F3)

Senior investigator in especially important cases
of the 7th Department of the Investigation Part
of the Main Investigation Administration
by the Main Board of Internal Affairs
of St. Petersburg and the Leningrad province
captain of justice



O. V. Nikulina

## Extract from the Criminal-Process Code of the Russian Federation.

**Article 56. A witness**

1. A witness is a person who may be aware of certain circumstances, which matter for investigation and solution of a criminal case and who is summoned for giving evidence.

2. Summons and interrogation of witnesses are to be carried out in the order, established by the articles 187-191 of this Code.

3. The following persons are not subject to an interrogation as witnesses:

1) a judge, an oath assessor – on the circumstances of a criminal case, which they have become aware of in connection with their participation in proceedings on this criminal case;

2) an advocate, a solicitor of a suspected person or a defendant – on the circumstances, which he has become aware of in connection with rendering legal aid;

(p. 2 in the version of the Federal Law dd. 07.04.2003 No. 92-F3)

3) an advocate – on the circumstances, which he has become aware of in connection with rendering legal aid;

4) a clergyman – on the circumstances, which he has become aware of during a confession;

5) a member of the Federal Council, a deputy of the State Duma without their consent – on the circumstances, which they have become aware of in connection with exercising their powers.

4. A witness is authorized:

1) to decline to give evidence against himself, his/her wife/husband and other close relatives, the circle of which is specified by the point 4 of the article 5 of this Code. By consent of a witness to give evidence he is to be warned that his evidence can be used for the criminal case, even in case of his subsequent denial of this evidence.

4) to challenge an interpreter, who participates in his interrogation;

5) to make applications and complaints of activities (inactivity) and decisions of the investigator, the lawyer or the court;

6) to appear at the interrogation together with an advocate in accordance with the 5th part of the article 189 of this Code.

7) to apply for undertaking the security measures, specified by the 3rd part of the article 11 of this Code.

5. A witness may not be exposed compulsorily to a medical expertise or examination, with the exception of the cases, specified by the 1st part of the article 179 of this code.

6. A witness is not authorized:

1) to fail to appear after summons of an investigator, a lawyer or to the court;

2) to give deliberately falsified evidence or to decline to give evidence;

3) to spread the data of a preliminary investigation, which he has become aware of in connection with participation in proceedings on the criminal case, if he has been warned thereof beforehand in the order, determined by the article 161 of this Code.

7. In case of evading appearance without an excuse a witness may be exposed to taking into custody.

8. A witness is to be called to account for giving deliberately falsified evidence or a refusal to give evidence in accordance with the articles 307 and 308 of the Criminal Code of the Russian Federation.

9. A witness is to be called to account for spreading the data of a preliminary investigation in accordance with the article 310 of the Criminal Code of the Russian Federation.

**Article 60. Authorized witness (ponyatoy)**

1. The authorized witness is a person, uninterested in the result of a criminal case, who is invited by an investigator or a lawyer for certifying the fact of an investigation action, as well as the contents, the course and the results of an investigation action.

2. The following persons may not be invited to be authorized witnesses:

1) minors;

2) participants of the criminal proceedings, their close relatives and relatives;

3) employees of the bodies of the executive power, furnished, according to the federal law, with powers on conducting searching activities and/or preliminary investigation.

3. The authorized witness is entitled:

1) to participate in an investigation action and to pronounce statements and comments, which are to be put into the certificate;

2) to learn the certificate of an investigation action, in which he has participated;

3) to make complaints of activities (inactivity) and decisions of the investigator and the lawyer, which restrict his rights.

4. An authorized may not evade appearing after summons by the investigator, the lawyer or to the court, as well as spread the data of a preliminary investigation, if he has been warned beforehand in the order, determined by the article 161 of this Code. An authorized witness is to be called to account for spreading the data of a preliminary investigation in accordance with the article 310 of the Criminal Code of the Russian Federation.

(in the version of the Federal Law dd. 07.04.2003 No. 92-F3)

**Article 164. General rules of conducting investigation actions**

1. Investigation actions, specified in the articles 178 (3rd part), 179, 182 and 183 of this Code, are to be conducted on the grounds of a decision by an investigator.

2. In the cases, specified by pp. 4-9 and 11 of the 2nd part of the article 29 of this Code, investigation actions may be conducted on the grounds of a court decision.

3. Conducting an investigation action in the nighttime is inadmissible, with exception of the cases, which cannot be delayed.

4. In conducting investigation actions use of violence, threats and other illegal methods, as well as endangering the life and the health of the persons who participate in it, are inadmissible.

5. An investigator, drawing participants of the criminal proceeding, indicated in chapters 6-8 of this Code, to participation in investigation actions, is to ascertain their personalities, to explain to them their rights, responsibility, as well as the order of conducting a corresponding investigation action. If a victim, a witness, a specialist, an expert or an interpreter takes part in an investigation action, he is also to be warned of responsibility, specified by the articles 307 and 308 of the Criminal Code of the Russian Federation.

6. In conducting investigation actions technical means and methods of finding, fixing and withdrawing vestiges of a crime and material evidence may be used.

7. An investigator is authorized to draw to participation in an investigation action an official of the body, which performs search activities, whereof a corresponding note is to be made in the certificate.

8. In the course of an investigation action certificate is to be made up in accordance with the article 166 of this Code.

**Article 166. Certificate of an investigation action**

1. The certificate of an investigation action is to be made during the investigation action or immediately after its completion.

2. The certificate may be written by hand or made with technical means. In conducting an investigation action verbatim recording, photographing, filming, audio and video recording may be also made. A verbatim record, photographic negatives and pictures, materials of audio and video recording are to be enclosed to the criminal case.

3. The certificate is to indicate the following:

1) the place and the date of the investigation action, the hour and the minute of its beginning and completing;

2) the position, the last name and the initials of the person, who has made up the certificate;

3) the name, the patronymic and the last name of each person, who has participated in the investigation action, in case of necessity also his/her address and other personal information.

4. The certificate is to describe process actions in the order, in which they have been fulfilled, circumstances, essential for this criminal case, which have been revealed in their course, as well as to present statements of the persons, who have participated in the investigation action.

5. The certificate is also to indicate technical means, used for the investigation action, conditions and the order of their use, the objects, to which these means have been used, and the results obtained. The certificate is to note that the persons, who participate in the investigation action, have been notified beforehand of use of technical means in the investigation action.

6. The certificate is to be presented for acquainting to all the persons, who have participated in the investigation action. These persons have to be informed about their right to make comments of its amendment and correction, which are to be put into the certificate. All these comments are to be stipulated and certified with signatures of these persons.

7. The certificate is to be signed by the investigator and the persons, who have participated in the investigation action.

8. Photographic negatives and pictures, films, slides, phonograms of investigations, cassettes and video records, bearers of computer information, drafts, plans, schemes, casts and imprints of vestiges, made during the investigation action, are to be enclosed to the certificate.

9. In case of necessity to guarantee security of the victim, his/her representative, the witness, their close relatives, relatives and close persons the investigator is authorized not to indicate their personal information in the certificate of the investigation action, in which the victim, his/her representative or the witness participate. In this case the investigator, with consent of the public prosecutor, is to make a resolution, where causes of deciding to keep this information secret are to be explained, the pseudonym of a participant of the investigation action is to be indicated, a sample of his/her signature, which will be used in certificates of the investigation actions, in which he/she will participate, is to be performed. The resolution is to be put into an envelope, which then is to be sealed and attached to the criminal case.

10. The certificate is also to contain a record of explaining the participants of investigation actions their rights, duties, responsibilities and order of conducting an investigation action in accordance with this Code, which is to be certified with signatures of the participants of investigation actions.

**Article 167. Certification of the fact of refusal or impossibility to sign the certificate of an investigation action**

1. In case of refusal of a suspect, a defendant, a victim or another person, who participates in an investigation action, to sign the certificate of the investigation action the investigator is to make there a corresponding entry, which is to be certified with a signature of the investigator, as well as with signatures of the advocate, the legal representative or authorized witnesses, if they participate in the investigation action.

2. The person, who declines to sign the certificate, is to be granted opportunity to explain the causes of his/her refusal, which is to be entered into the certificate.

3. If a suspect, a defendant, a victim or a witness in the virtue of physical defects or state of his/her health is unable to sign the certificate, acquaintance of this person with the text of the certificate is to be conducted in presence of the advocate, the legal representative, the representative or authorized witnesses, who acknowledge contents of the certificate and the fact of impossibility of its signing with their signatures.

**Article 170. Participation of authorized witnesses**

1. In the cases, specified in the articles 115, 177, 178, 181 – 184, the 5th part of the article 185, the 7th part of the article 186, articles 193 and 194 of this Code, investigation actions are to be conducted with participation of no less than two authorized witnesses, who are summoned for certifying the fact of conducting an investigation action, its course and results, with the exception of the cases, specified in the 3rd part of this article.

2. In other cases investigation actions are to be conducted without participation of authorized witnesses, if the investigator does not decide otherwise at a request of participants of criminal proceedings or on his/her own initiative.

3. In a hardly accessible area, where proper transportation means are unavailable, as well as in the cases if conducting of an investigation action is connected with danger for lives and health of the people, investigation actions, specified in the 1st part of this article, may be conducted without participation of authorized witnesses, which is to be recorded in the certificate of the investigation action. In case of conducting an investigation action without participation of authorized witnesses technical means of fixing its course and results are to be used. If use of technical means is impossible during an investigation action, the investigator is to make a corresponding note in the certificate.

4. Prior to the beginning of the investigation action the investigator, in accordance with the 5th part of the article 164 of this Code, is to explain to the authorized witnesses their rights and responsibility, specified in the article 60 of this Code.

**Article 182. Grounds and order of making a search**

1. Existence of sufficient reasons to suppose that instruments of a crime, objects, documents and values, which may be essential for a criminal case, may be available in a certain place or be held by a certain person, serves as a ground for making a search.

2. A search is made on the ground of a resolution by an investigator.

3. A search in a dwelling is to be made on the ground of a court decision, made in the order, specified in the article 165 of this Code.

4. Prior to the beginning of the search the investigator is to present the resolution of its making, and in the cases, specified in the 3rd part of this article – the court decision, which permits its making.

5. Prior to beginning of the search the investigator is to propose to surrender voluntarily the objects, documents and values, which may be essential for the criminal case and which are subject to withdrawal. If they are surrendered voluntarily and there are no reasons to fear their concealment, the investigator is authorized to abstain from the search.

6. During a search any premises may be opened, if the owner declines to open them voluntarily. Inflicting damage to the property, which is not caused by necessity, should in this case be avoided.

7. The investigator is to undertake lest circumstances of the private life of the person, in whose premises the search has been made, his/her personal and/or family secret or circumstances of the private life of other persons, revealed in the course of the search, are spread.

8. The investigator is authorized to forbid the persons, who are in attendance in the place where the search is made, to leave it, as well as to communicate with each other or with other persons till the end of the search.

9. During the search all objects and documents, withdrawn out of circulation, are to be withdrawn.

10. The objects, documents and values withdrawn are to be presented to authorized witnesses and to other persons, who are present at the search, in case of necessity they are to be packed and sealed on the spot, which is to be certified with signatures of the aforesaid persons.

11. The person, in whose premises the search is made, or adult members of his family are to participate in the search. The solicitor and the advocate of the person, in whose premises the search is made, is authorized to be present at the search.

(11th part in the version of the Federal Law dd. 05.29.2002 No. 58-F3)

12. During a search a certificate is to be made up according to the articles 166 and 167 of this Code.

13. The certificate is to indicate, at what place and under what circumstances objects, documents and values have been discovered, whether they have been surrendered voluntarily or withdrawn compulsorily. All the objects, documents and values withdrawn are to be counted with precise indication of their number, measure, weight, individual signs and, as far as possible, of their value.

14. If during the search attempts have been made to destroy or to hide the objects to be withdrawn, a corresponding entry thereof is to be made in the certificate.

15. A copy of the certificate is to be handed to the person, in whose premises the search has been made, or to an adult member of his family. If a search has been made in the premises of an organization, a copy of the certificate is to be handed under a signature to a representative of the administration of this organization.

16. The search may be made also with the purpose of finding the persons searched for or corpses.

**Article 183. Grounds and order of a takeout**

1. In case of necessity of taking out certain objects and documents, which are essential for investigating a criminal case, if there is precise information of their location, their takeout is to fulfill.

2. A takeout is to be fulfilled in the order, specified in the article 182 of this Code, with withdrawals, specified in this article.

3. Takeout of the objects and documents, which contain a state or other secret, guarded by a federal law, is to be fulfilled at the sanction of the public prosecutor.

4. Takeout of the documents, which contain information of deposits and accounts of the citizens in banks and other credit organizations, is to be fulfilled on the ground of a court decision, made in the order, specified in the article 165 of this Code.

5. Prior to the beginning of a takeout the investigator is to propose to surrender the objects and the documents to be withdrawn, in case of refusal he is to fulfill the takeout compulsorily.

**Article 189. General rules of performing an interrogation**

1. Prior to an interrogation the investigator is to carry out the requirements, specified in the 5th part of the article 164 of this Code. If the investigator has doubts, whether the person to be interrogated speaks language, in which proceedings on the criminal case are conducted, he is to find out, in what language the person to be interrogated desires to give evidence.

(in the version of the Federal Law dd. 07.04.2003 No. 92-F3)

2. It is forbidden to put leading questions. In other respects the investigator is free in his choice of tactics of the interrogation.

3. The person interrogated is authorized to use documents and notes.

4. On the initiative of the interrogator or at the request of the person interrogated photographing, audio and/or video recording, filming may be made during the interrogation. Their materials are to be attached to the criminal case and sealed on completion of the preliminary investigation.

5. If a witness appears at the interrogation with his solicitor, whom he has invited for rendering legal aid, the solicitor may be present at the interrogation and enjoy the rights, specified in the 2nd part of the article 53 of this Code. On completion of the interrogation the solicitor is

authorized to make statements of violation of the rights and legal interests of the witness. The aforesaid statements are to be entered into the certificate of the interrogation.
(in the version of the Federal Law dd. 07.04.2003 No. 92-F3)

**Article 190. Minutes of the interrogation**

1. The course and the results of the interrogation are to be reflected in the minutes, made up in accordance with the articles 166 and 167 of this Code.

2. Evidence of a person interrogated is to be recorded from the first person and, as far as possible, literally. Questions and answers are to be recorded in the succession which has taken place during the interrogation. All questions are to be entered into the minutes, including those which were rejected by the investigator or which the person interrogated refused to answer, with indication of the motives of rejection or refusal.

3. If during the interrogation material evidence and documents have been presented to the person interrogated, minutes of other investigation proceedings have been announced, materials of audio and/or video recording, filming of investigation actions have been reproduced, a corresponding entry thereof is to be made in the minutes of the interrogation. The minutes are also to reflect the evidence of the person interrogated, which have been given.

4. If photographing, audio and/or video recording, filming have been made during the interrogation, the minutes are also to contain:

1) an entry about photographing, audio and/or video recording, filming;

2) information on technical means, on conditions of photographing, audio and/or video recording, filming and on the fact of stoppage of audio and/or video recording, filming and on the causes and duration of their stoppage;

3) statements of the person interrogated concerning photographing, audio and/or video recording, filming;

4) signatures of the person interrogated and the investigator, certifying authenticity of the minutes.

5. During the interrogation the person interrogated may make up schemes, drafts, drawings, diagrams, which are to be attached to the minutes, whereof a corresponding entry is to be made there.

6. On completing of the interrogation the minutes are to be presented to the person interrogated for reading or to be announced at the request of the latter by the investigator, whereof a corresponding entry is to be made in the minutes. Request of the person interrogated about amendment and precision of the minutes is to be satisfied without fail.

7. All the persons who have participated in the interrogation are to be indicated in the minutes. Each of them is to sign the minutes, as well as all amendments made.

8. The fact of acquaintance with the evidence and correctness of their recording is to be certified by the person interrogated with his/her signature in the end of the minutes. The person interrogated is also to sign each page of the minutes.

9. Refusal from signing the minutes or impossibility of signing it by the persons, who have participated in the interrogation, is to be certified in the order, specified in the article 167 of this Code.

Senior investigator in especially important cases
of the 7th Department of the Investigation Part
of the Main Investigation Administration
by the Main Board of Internal Affairs
of St. Petersburg and the Leningrad province
captain of justice



O. V. Nikulina